# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| **AREDIA® AND ZOMETA® PRODUCTS** ) | |
| **LIABILITY LITIGATION** ) | |
| ) | **No. 3:06-MD-1760** |
| **(MDL No. 1760)** ) | **Judge Campbell/Brown** |
| ) | |
| **This Document Relates to:** ) | |
| **Case No. 3:06-CV-01128 (*High*)** ) | |

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that the motion to dismiss filed by Novartis Pharmaceuticals Corporation (NPC) (DE 6583; Related Case 37) be **GRANTED**, and that this case be **DISMISSED** with prejudice for failure to prosecute.

## I. INTRODUCTION AND BACKGROUND

Plaintiff's counsel filed a motion to withdraw on March 19, 2012, giving as the reason for their motion that "Plaintiff has failed to follow legal advise resulting in an irreparable breakdown in communication with the Plaintiff." (DE 5659; Related Case 21) Counsels' motion was referred to the Magistrate Judge, who denied it on March 21, 2012 because counsel had provided no evidence that they sought to contact the plaintiff, Vivian High (Ms. High), regarding their intent to withdraw. The letter advising plaintiff that counsel was seeking to withdraw dated March 1, 2012 was not sent to Ms. High, but to her son, Stephen High. (DE 5661, Related Case 23) In his order, the Magistrate Judge reminded counsel that, if Ms. High had died, a suggestion of death had not been filed, nor had a motion to substitute. (DE 5661, Related Case 23)

NPC filed a suggestion of death on April 4, 2012, indicating that Ms. High died in September 2011. (DE 5760; Related Case 27) Thereafter, counsel for plaintiff confirmed that Ms. High died

on September 27, 1011, and moved to substitute Steven High for his late mother. (DE 5731; Related Case 28) The motion to substitute was granted on June 7, 2012. (DE 5736; Related Case 29)

Counsel for plaintiff renewed their motion to withdraw on March 7, 2013. (DE 6439; Related Case 33) Counsel attached a letter to Steven High dated February 21, 2013 to its second motion to withdraw, in which counsel informed plaintiff of their reasons, *i.e.*, plaintiff's unwillingness to follow counsels' legal advice, etc. (DE 6439 Ex. A; Related Case 33) Counsel advised plaintiff in that same letter that he need to retain new counsel.

NPC filed a response to the counsels' second motion to withdraw on April 16, 2013 in which NPC stated that it did not object to the motion, but asked the court to "set a date certain by which Mr. High must employ new counsel, elect to proceed *pro se*, or elect to dismiss his case." (DE 6444; Related Case 35)

The Magistrate Judge entered an order on March 12, 2013, granting counsels' second motion to withdraw and directing plaintiff to advise the court not later than April 12, 2013 whether he intended to obtain new counsel, proceed *pro se*, or dismiss the case. (DE 6482; Related Case 36) Plaintiff was advised that failure to advise the court of his intentions by April 12, 2013 could "result in a recommendation that the case be dismissed for failure to obey court orders and to prosecute." (DE 6482; Related Case 36) In that same order, the Magistrate Judge instructed the Clerk of Court to send plaintiff "by certified and regular mail, a copy of this order at the address shown in Docket Entry 6439-1." (DE 6482; Related Case 36) The address in the referenced docket entry was "Mr. Stephen High, 1721 Hill Creek Drive, Garland, TX 75043," the same address that counsel used in both of their letters to plaintiff.

NPC filed a motion to dismiss for failure to prosecute on April 16, 2013, with a copy of the

motion sent by "certified mail, postage pre-paid to: Steve Canada High, 1721 Hill Creek Drive, Garland, TX 75043." (DE 6583; Related Case 37) Two days later, on April 18, 2013, the certified mail addressed by the Clerk's Office to "Stephen High, 1721 Hill Creek Drive, Garland, TX 75043' was returned to the court, undelivered. (DE 6589; Related Case 38)

## II. ANALYSIS

The Magistrate Judge gave plaintiff thirty (30) days to advise the court of his intentions. Plaintiff was advised that failure to do so could result in his case being dismissed for failure to comply with the orders of he court, and for failure to prosecute. Two (2) months have passed since the April 12, 2013 deadline set in the Magistrate Judge's March 12, 2013 order. Plaintiff has not responded to the Magistrate Judge's order, he has not moved for an extension of time to do so, nor has made any effort communicate with the court in any way.

The Magistrate Judge's march 12, 2013 order was sent to plaintiff at his last known address by both first class and certified mail. The fact that the certified mail was returned undelivered does not mean that plaintiff did not receive the Magistrate Judge's order, it only means that plaintiff did not go to the post office to pick up the certified mail from the court. On the other hand, the copy of the order sent by first class mail has not been returned to the court. If the copy of the order sent by first class mail had not been delivered, it too would have been returned to the court and docketed as such. One may infer from the fact that the first class mail was not returned to the court that it was delivered, and that plaintiff was on notice at the time it was delivered that he had until April 12th to advise the court of his intentions *vis-a-vis* this case.

Of course, it is possible that plaintiff no longer lives at the address to which the first class mail was sent. However, were plaintiff to come to the court challenging the dismissal of this action

arguing that he never received a copy of the order because he no longer resides at that address, such an argument would be unavailing. A party bears the burden of keeping the court abreast of their current mailing address, and failure to do so constitutes grounds for dismissal. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)(citing *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)), *cert denied* 549 U.S. 865 (2006); *Taylor v. Warren County Regional Jail*, 1992 WL 76938 * 2 (6th Cir. Apr. 13, 1992)(citing *Cary*, 856 F.2d at 1441)).

As shown above, plaintiff has failed to prosecute this action and comply with the orders of the court. "Rule 41(b) . . . gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.' " *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir.1999)(quoting Fed.R.Civ.P. 41(b)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted."). Under the law, dismissal with prejudice is the appropriate action in this case.

### III. RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that the motion to dismiss filed by NPC (DE 6583; Related Case 37) be **GRANTED**, and that this case be **DISMISSED** with prejudice for failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may

constitute a waiver of further appeal of this R&R.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 17th day of June, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge